**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES C. CAMPBELL,

    Plaintiff,

v.

THE CITY OF NEW BRUNSWICK, et al.,

    Defendants.

Civil Action No. 16-5941 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three motions to dismiss by Defendants: (i) The City of New Brunswick[1] ("New Brunswick"), the New Brunswick Police Department ("NBPD"), Officer Sean Freeman, Officer James Hayes, Officer Samuel Hillyer, and Karlo Sarmiento (collectively, "NB Defendants") (ECF No. 11); (ii) the Middlesex County Prosecutor's Office ("MCPO") (ECF No. 17); and (ii) Officers Nicholas DeFalco and Ryan DeGraw (ECF No. 12). Plaintiff James C. Campbell[2] ("Plaintiff") filed opposition (ECF No. 19), and Defendants replied (ECF Nos. 20, 21, 22). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motions to dismiss are granted, without prejudice.

---

[1] Certain Defendants were identified with spelling errors in the names. These errors were identified in the briefing. (NB Defendants' Moving Br. 1-3, ECF No. 11.) The Court will refer to Defendants by the corrected identification as set forth by Defendants.

[2] Mr. Campbell's name also appears to be spelled incorrectly in the caption of the case. (ECF No. 1.) The Court will use the spelling of Plaintiff's name as it appears in Plaintiff's signed submissions to the Court, although this differs from the spelling in the caption. (*See* ECF No. 19.)

I. **Background**[3]

This action arises out of Plaintiff's arrest on or about December 1, 2012. (Compl. ¶ 5, ECF No. 1.) Plaintiff is a self-employed auto mechanic, and was working on a vehicle in a parking lot where he frequently performed his services. (*Id.* ¶¶ 3, 5-6.) An unmarked sedan sped into the parking lot and immediately thereafter, two Caucasian males exited the sedan and approached the Plaintiff with their guns drawn. (*Id.* ¶¶ 6-7.) The two men stated that they were police officers, but did not present any form of identification. (*Id.* ¶ 8.) The officers subsequently handcuffed Plaintiff, and forced other unnamed individuals to kneel and cross their legs. (*Id.* ¶ 9.) The unidentified officers claimed they saw an African American man holding a beer and walking down the street, believed he came through the parking lot, and wanted to charge him. (*Id.* ¶ 11.) At this point, one of the officers walked towards the front of the vehicle that Plaintiff had been working on and "'claimed' he found a gun." (*Id.* ¶ 12.) Plaintiff explained to the officers that "he had never seen the gun before and had no knowledge where [sic] it came from." (*Id.*)

Plaintiff consented to a search of his vehicle, but the officers did not perform the search. (*Id.* ¶¶ 15-16.) Plaintiff was arrested on charges of unlawful possession of a handgun, possession of weapons for unlawful purposes, receiving stolen property, and as a person unauthorized to have a weapon. (*Id.* ¶ 16.) Plaintiff was indicted on all charges. (*See* Indictment, ECF No. 1-1.) Plaintiff spent eighteen days in jail before being released on bail of $35,000 at a cost of $3,500 to Plaintiff. (*Id.* ¶ 17.) After three jury trials, two of which resulted in a mistrial, Plaintiff was

---

[3] For the purpose of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Amended Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief" (internal citation omitted)).

2

ultimately found not guilty of all charges stemming from the incident. (*Id.* ¶ 18.) Plaintiff alleges that the extended litigation resulted in several missed days of work and financial loss. (*Id.*)

On September 26, 2016, Plaintiff, proceeding *pro se*, filed a complaint pursuant to the New Jersey Tort Claims Act, N.J. Stat. § 59:1-1, and 42 U.S.C. § 1983 ("Section 1983") seeking "punitive and actual damages in excess of $500,000." (*Id.* ¶ 21.) Plaintiff claims that he was restrained without probable cause, that the officers' actions were racially motivated, and that he was questioned without being read his *Miranda* rights and without an attorney present. (*Id.* ¶¶ 10, 14.) He asserts that Defendants "fabricated evidence, changed their testimony, and threatened Plaintiff" during the trials. (*Id.* ¶ 20.)

## II. <u>Legal Standard</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

4

### III. Parties' Positions

The NB Defendants argue that: (i) the NBPD is an improper party because the NBPD is an administrative arm of New Brunswick, not a separate entity (NB Defs.' Moving Br. 6, ECF No. 11-1); (ii) the claims against New Brunswick must be dismissed because respondeat superior liability is unavailable for constitutional violations and Plaintiff has not identified any municipal policy, practice, or custom that caused a constitutional violation (*id.* at 6-8); (iii) any claim for false arrest accrued at the time of the arrest in December 2012 and is time-barred because it was not filed within the two-year limitations period (*id.* at 9-10); and (iv) claims against the individual officers are not sufficiently pled to put the officers on notice of the claims against them, and, in any event, the officers are entitled to absolute immunity for their testimony at trial (*id.* at 11-12). Officers Nicholas DeFalco and Ryan DeGraw joined in the arguments set forth by the NB Defendants and did not submit their own brief. (ECF No. 12.)

The MCPO argues that: (i) the claim against it is actually a claim against the state and, thus, subject to 11th Amendment immunity (MCPO's Moving Br. 7-11, ECF No. 17-3); (ii) the MCPO is not a "person" amenable to suit under either Section 1983 or the NJCRA (*id.* at 12-14); (iii) vicarious liability claims are not available under Section 1983 and, to the extent that Plaintiff attempts to hold the MCPO vicariously liable under the New Jersey Tort Claims Act, it is entitled to absolute prosecutorial immunity (*id.* at 14-15); and (iv) the false arrest claim is time barred (*id.* at 15-17).

In opposition, Plaintiff submitted a one-page item of correspondence that asked the Court not to dismiss the Complaint as Plaintiff has been wronged, and attached exhibits related to the underlying charges and trials. (ECF No. 19.) On reply, Defendants argue that Plaintiff failed to address any of the legal arguments raised by Defendants and ask the Court to dismiss the

Complaint. (NB Defs.' Reply 2, ECF No. 20; MCPO's Reply 1, ECF No. 22; DeFalco and DeGraw's Reply 1, ECF No. 21.) Defendants also argue that the dismissal should be with prejudice because the legal deficiencies cannot be cured. (NB Defs.' Reply Br. 2.)

IV. **Discussion**

As an initial matter, the Court finds that the Complaint fails to meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a). In order to satisfy the rule, Plaintiff must provide the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Here, the Complaint does not identify the specific cause(s) of action, contain details about the alleged wrongdoing, or set forth the role each Defendant played. In fact, none of the individual officer Defendants appear in *any* paragraph of the Complaint, and the only allegation relevant to the MCPO is that it is responsible for prosecuting violations of the law in New Brunswick. (Compl. ¶ 4.) The Complaint does not identify which offers arrested him, "fabricated evidence, changed their testimony[,] [or] threatened" Plaintiff. (*Id.* ¶ 20.) "A Complaint's failure to differentiate between defendants can warrant dismissal in and of itself under Fed. R. Civ. P. 8(a)." *Turner v N.J. State Police*, 2017 WL 1190917, at *10 n.22 (D.N.J. Mar. 29, 2017). Lumping all Defendants together fails to put Defendants on notice of their own alleged wrongdoing. *Galicki v. New Jersey*, 2015 WL 3970297, at *3 (D.N.J. June 29, 2015). "Although this Court is sensitive to the challenges a *pro* [*se*] litigant faces, the Court cannot expect the Defendants to defend against claims that are not clearly and specifically alleged." *Pushkin v. Nussbaum*, No. 12-324, 2013 WL 1792501, at *4 (D.N.J. Apr. 25, 2013).

The Complaint also fails to identify the cause(s) of action that Plaintiff brings. Although Defendants assume that Plaintiff asserts a false arrest claim, and argue that the statute of limitations

6

bars the claim; at this point in the proceedings, the Court is not inclined to make substantive determinations regarding causes of action that are not clearly identified in the Complaint. It is also possible, for example, that Plaintiff could plead a basis for equitable tolling.

The Court will, therefore, allow Plaintiff an opportunity to amend the Complaint.[4] The Court will consider any applicable substantive arguments set forth by the parties in connection with renewed motions to dismiss the Amended Complaint.[5]

## V. Conclusion

For the reasons set forth above, the Court grants Defendants' motions to dismiss. Plaintiff's Complaint is dismissed, without prejudice. Plaintiff will have thirty days to file an Amended Complaint. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 16, 2018

---

[4] The Court directs Plaintiff to the online guide for *pro se* litigants, available at http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf for assistance in drafting an Amended Complaint.

[5] The Court recognizes that the MCPO is likely immune from some or all claims in this suit, based on the claims Plaintiff appears to be asserting; however, the Court declines to dismiss the MCPO with prejudice at this time, as the Complaint does not clearly identify which claims are pled against the MCPO and on what basis.