**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JAMES C. CAMPBELL,

    Plaintiff,

v.

THE CITY OF NEW BRUNSWICK, NEW JERSEY, et al.,

    Defendants.

Civil Action No. 16-5941 (MAS) (TJB)

**MEMORANDUM ORDER**

## SHIPP, District Judge

This matter comes before the Court upon the Court's review of the docket. On May 16, 2018, the Court granted three motions to dismiss filed by: (i) The City of New Brunswick ("New Brunswick"), the New Brunswick Police Department ("NBPD"), Officer Sean Freeman, Officer James Hayes, Officer Samuel Hillyer, and Officer Karlo Sarmiento (collectively, "NB Defendants") (ECF No. 11); (ii) the Middlesex County Prosecutor's Office ("MCPO") (ECF No. 17); and (iii) Officers Nicholas DeFalco and Ryan DeGraw ("Individual Defendants") (ECF No. 12). (ECF No. 24.) The Court dismissed Plaintiff James C. Campbell's ("Plaintiff") Complaint without prejudice and granted Plaintiff leave to file an Amended Complaint by June 15, 2018. (*Id.*) On June 15, 2018, Plaintiff filed a three-page document entitled "Amended Complaint." (ECF No. 25.) The first page of the document reads, "I, James C. Campbell am presenting III exhibits to show element, allegation, fact and cause of my complaint and to satisfy the pleading requirement of Federal Rule of Civil Procedure 8(a)." (*Id.*) On June 19, 2018, NB Defendants submitted correspondence averring that Plaintiff's submission was not an amended

complaint, did not follow the Court's instructions, and requesting the Court dismiss the matter with prejudice. (ECF No. 26.) On the same day, Individual Defendants submitted correspondence joining NB Defendants' request. (ECF No. 27.) MCPO also submitted correspondence requesting the same relief. (ECF No. 28.)

Plaintiff's most recent filing appears to be a Notice of Tort Claim, which was notarized on December 18, 2014. (Am. Compl. 3, ECF No. 25.) The filing appears to be the Notice of Claim Plaintiff referenced in the Complaint. (*See* Compl. ¶ 1, ECF No. 1 (noting that Plaintiff "previously filed and served [a] Notice of Claim Pursuant [to] Tort Claims Act and U.S.C. 1983 Civil Rights/Constitutional Torts on Defendants.").) The Court's May 16, 2018 Memorandum Opinion identified several deficiencies in Plaintiff's Complaint. (*See generally* Mem. Op., ECF No. 23.) Plaintiff's June 15, 2018 filing does not address the deficiencies identified in the Court's Opinion and is subject to dismissal for the reasons contained therein. Moreover, it is unclear whether Plaintiff's most recent filing is intended to be the entirety of the operative complaint or an exhibit to Plaintiff's original complaint. Based on the Court's inherent power to control the matters on its docket, and in recognition of Plaintiff's *pro se* status as well as Plaintiff's attempt at complying with the Court's May 16, 2018 Order, the Court denies NB Defendants', Individual Defendants', and MCPO's requests to dismiss the matter with prejudice. The Court dismisses Plaintiff's Amended Complaint without prejudice, and the Court grants Plaintiff leave to file a second amended complaint.[1]

---

[1] The District Court for the District of New Jersey publishes a Procedural Guide for Pro Se Litigants that is available online at: http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. The form complaint contained therein may assist Plaintiff in filing an amended complaint.

## I. ORDER

For the reasons set forth above, and for other good cause shown,

IT IS on this $\underline{4^{th}}$ day of February 2019, **ORDERED** that:

1. NB Defendants', Individual Defendants', and MCPO's requests to dismiss the matter with prejudice (ECF Nos. 26, 27, 28) are **DENIED**.

2. Plaintiff's Amended Complaint (ECF No. 25) is **DISMISSED**.

3. The Clerk shall administratively terminate this matter.

4. By **February 22, 2019**, Plaintiff may file a Second Amended Complaint, at which time the Clerk shall reopen this matter.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**